Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
PHYLLIS FLYNN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

PHYLLIS FLYNN,                                )
                                             )
                Plaintiff,                    )   **Case No.:** 4:19-cv-4501
                                             )
        v.                                    )   **PLAINTIFF'S**
                                             )   **COMPLAINT**
                                             )
                                             )
CONCORD SERVICING CORPORATION d/b/a          )
Blackwell Recovery,                           )
                                             )
                                             )
                Defendant.                    )

## PLAINTIFF'S COMPLAINT

Plaintiff, PHYLLIS FLYNN ("Plaintiff"), through her attorneys, Agruss Law

Firm, LLC, alleges the following against Defendant, CONCORD SERVICING

CORPORATION d/b/a Blackwell Recovery ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices

   Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in El Sobrante, Contra Costa County, California.

7. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and

comment

RFDCPA.

10. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Scottsdale, Maricopa County, Arizona.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's telephone number at xxx-xxx-1040, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 480-684-1766, which is one of Defendant's telephone numbers.

22. On or around May 29, 2019 at 11:31 a.m., Plaintiff spoke with Defendant's male collector, Daniel, and requested for Defendant to stop calling her.

23. During the conversation, Defendant's male collector stated the computer-generated calls to Plaintiff would continue.

24. During the conversation, Defendant's male collector falsely represented that Defendant may lawfully continue to call Plaintiff.

25. Despite Plaintiff's request for Defendant to stop calling her, Defendant continued to place collection calls to Plaintiff's telephone number unabated

including, but not limited to, on or around June 4, 2019 at 11:00 a.m., June 5, 2019 at 10:03 a.m. and 7:38 p.m., June 6, 2019 at 10:04 a.m. and 7:37 p.m., June 7, 2019 at 9:11 a.m. and 7:39 p.m., June 10, 2019 at 10:09 a.m. and 7:36 p.m. and June 11, 2019 at 10:08 a.m.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

   c. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant's male collector

created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling her;

d.  Defendant further violated § 1692e(10) of the FDCPA by its use of any false representation or deceptive means to collect or attempt to collect an alleged debt, when Defendant's male collector falsely represented Defendant was permitted by law to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling her; and

e.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, PHYLLIS FLYNN, respectfully requests judgment be entered against Defendant, CONCORD SERVICING CORPORATION d/b/a Blackwell Recovery, for the following:

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

29. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and re-alleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

a. Defendant violated § 1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

b. Defendant violated § 1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her; and

c. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, PHYLLIS FLYNN, respectfully requests judgment be entered against Defendant, CONCORD SERVICING CORPORATION d/b/a Blackwell Recovery, for the following:

PLAINTIFF'S COMPLAINT

28. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

29. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

30. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  August 2, 2019                    By:  /s/ Michael S. Agruss
                                          Michael S. Agruss
                                          Attorney for Plaintiff

PLAINTIFF'S COMPLAINT